THAYER, Circuit Judge
(dissenting). I am unable to concur in the views expressed by my associates in' the foregoing opinion. My disagreement with them arises out of the fact that I am not able to read section 6, art. 11, of the constitution of Colorado, quoted in the statement, as they have seen fit to construe it. Without going into the subject at length, it will suffice to say that in my judgment the first paragraph of section 6, art. 11, of the constitution of Colorado, fixes an absolute limit to the amount of indebtedness created by loan which a county may contract in any one year, either with or without the sanction of a popular vote; such limit being $1.50 per $1,000 of the assessed valuation of taxable property in counties where such valuation exceeds $5,000,000. This was the construction of the constitutional provision in question which seems to have been adopted in Lake Co. v. Rollins, 130 U. S. 662, 669, 9 Sup. Ct. 651, and in People v. May, 9 Colo. 80, 86, 87, 10 Pac. 641; but in thé absence of these adjudications I should entertain the same view, founded upon the language of the statute and the probable motive of the lawmaker. The framers of the Colorado constitution intended, as I think, to impose such restrictions upon counties as would compel them to act prudently, no matter what might be the will of the people, and such restrictions as would prevent them, as far as possible, from exhausting their power to contract debts by overborrowing in a single year. To this end they prohibited counties absolutely from borrowing money, except for one purpose, and limited the amount that might borrowed even for that purpose during a single year. Such being my interpretation of the constitutional provision in question, it follows therefrom that the trial court acted properly in directing a verdict for the defendant, because each bond showed on its face that the aggregate debt thereby created in a single year was $50,000, and because the purchasers of the bonds were bound to take notice of the amount of the assessed valuation, which valuation did not authorize the creation of a debt by loan in a single year to an amount exceeding $16,500. Dixon Co. v. Field, 111 U. S. 83, 4 Sup. Ct. 315; Hedges v. Dixon Co., 150 U S. 182, 14 Sup. Ct. 71; Lake Co. v. Graham, 130 U. S. 674, 9 Sup. Ct. 654. The plaintiff below was not an innocent purchaser of the bonds in suit, but was affected with knowledge of a want of power in the county to issue the bonds, which rendered the same void. My associates apparently agree with me that the debt evidenced by the bonds in suit was a debt contracted by loan, so that nothing need be said on that point. The judgment being, in my opinion, for the right party, on uncontradicted facts disclosed by the record, I think it should be affirmed.